UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

OBERMAYER REBBMANN MAXWELL  \*
& HIPPEL, LLP,                \*
                              \*
    Plaintiff,  \*
                              \*
v.                            \*   Civil Action No. 14-cv-13506-IT
                              \*
GREGORY THORPE,               \*
                              \*
    Defendant.  \*

ORDER

October 22, 2014

TALWANI, D.J.

This case involves an action for payment of fees brought by a law firm against its former client. Presently before the court is Plaintiff Obermayer Rebmann Maxwell & Hippel, LLP's Motion for Impoundment Pursuant to L.R. 7.2 [#2]. Plaintiff seeks to file thirteen exhibits to its complaint under seal.[1] In support of this motion, Plaintiff explains that the exhibits include correspondence that was sent to Defendant Gregory Thorpe, Blair Hamrick, and Hamrick's independent counsel pursuant to Plaintiffs' representation of Defendant and Hamrick in the underlying legal action for which it now alleges that Defendant owes fees.

As the First Circuit has explained, "[w]hen an attorney and a former client embroil themselves in adversarial litigation, the right of public access to judicial records stands in sharp contrast to the lawyer's duty to hold information obtained from the client during the course of representation in the strictest confidence."[2] Accordingly, the court must carefully balance the

---

[1] Mot. Impoundment Pursuant to L.R. 7.2, 1-2 [#2] [hereinafter, Mot. Impound.].

[2] Siedle v. Putnam Invs., Inc., 147 F.3d 7, 12 (1st Cir. 1998).

"presumptive" right of access to judicial documents against the obligation of confidentiality fundamental to an attorney-client relationship.[3]

To defeat the right of presumptive access, the party seeking impoundment must make "a particular factual demonstration of [the] potential harm" that would arise should the materials not be sealed.[4] In this case, Plaintiff indicates that disclosure of the exhibits would violate attorney-client privilege as set forth in Massachusetts Rule of Professional Conduct 1.6. Defendant has not objected to impoundment or suggested that the privilege does not apply.[5]

Later developments in this case may illustrate that Plaintiff's claim of privilege is unfounded or that some exception to the attorney-client privilege supports disclosure. Nonetheless, if the exhibits were disclosed at this stage in the litigation, "the entire benefit of the putative privilege" would be lost prior to any adjudication of whether attorney-client privilege applies.[6] Accordingly, the court holds that Plaintiff's "unrebutted prima facie showing that attorney-client privilege applies entitles it to protection."[7] Plaintiff's Motion for Impoundment Pursuant to L.R. 7.2 [#2] is ALLOWED.

The court hereby orders that:

1. Plaintiff will file exhibits "A" through "M" of its complaint under seal;

2. Plaintiff will file electronically a redacted version of its exhibits;

---

[3] Id. at 10.

[4] See F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987) (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)).

[5] Mot. Impound. at 2.

[6] Siedle, 147 F.3d at 12.

[7] See id.

3. The clerk of court will maintain these exhibits under seal until further court order.

IT IS SO ORDERED.

Date: October 22, 2014 /s/ Indira Talwani
United States District Judge